IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,        Plaintiff,              v.ROOSEVELT ERVING, JR.,        Defendant. | )))))))))))    4:05CR3002REPORT AND RECOMMENDATION |

A hearing was held before the undersigned on June 11, 2007 on the remaining claim in the defendant's pending motion under 28 U.S.C. 2255, alleging he received ineffective assistance of counsel for his attorney's failure to abide by his directive to file a direct appeal of his case. The court heard testimony from the defendant and from John C. Vanderslice, his attorney in the underlying case, and received as an exhibit the "Notice of Right to Appeal in Criminal Cases and Counsel's Acknowledgment and Receipt of the 8th Circuit's Rule 27C" that was provided to counsel and the defendant at the time of sentencing. In addition, the court took judicial notice of the court's file in this case.

The background of the case is described in detail in the court's earlier memorandum and order on the defendant's other two claims in his Section 2255 motion. Memorandum and Order of April 3, 2007, Filing 56. Of particular note here, defendant entered a plea of guilty to fourteen counts of the superseding indictment in accordance with a plea agreement reached pursuant to
Fed. R. Crim. P. 11(c)(1)(C). Filing 31, Petition to Enter Plea of Guilty; Filing 32, Plea Agreement. The agreement included the following provision: "The parties tender this plea pursuant to

Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure in that the parties agree the sentence of imprisonment to be imposed, including the consecutive sentence for the 'gun count' described in paragraph 1(b) above, will total 40 years imprisonment." The court adopted the plea agreement and sentenced the defendant accordingly.

Defendant testified that immediately after the sentencing, he spoke with Mr. Vanderslice in the courtroom about the possibility of taking an appeal to the Eighth Circuit Court of Appeals. He stated that Mr. Vanderslice advised him that since he had accepted the government's plea offer, there was nothing to appeal, but he wanted to appeal, anyway. He testified that he instructed Mr. Vanderslice to file an appeal. He testified that he now believes, having talked with some "jailhouse lawyers," but no lawyers practicing law, that "If I woulda went [sic] to trial, I coulda got less time" or a better plea deal from the government. He now wants to withdraw his guilty plea and face trial. On cross examination defendant testified that he doesn't know why he thinks he could have gotten a better deal if he'd gone to trial or taken an appeal. He acknowledged that he was facing 320 years of incarceration if he had been found guilty on all counts. He testified that "I don't remember" that the plea agreement, the presentence investigation report, the discussion of counsel during the plea colloquy, and the statements of Judge Kopf during the plea agreement all referred to the agreed sentence as "forty years, not 'up to' forty years." He again stated, "I just wanted him [Mr. Vanderslice] to appeal."

Mr. Vanderslice testified that in his twenty-plus years of representing defendants in criminal cases, he has established a practice that if a defendant wishes to file an appeal, he files

an appeal, even when he himself believes there may be no grounds for reversing a conviction or sentence, so that the defendant can have a chance of a direct review of the case. He does not deviate from this practice. He further testified that he so advised the defendant during their conversation in the courtroom after the sentencing hearing. He further testified that "There is no question in my mind. He did not tell me to file an appeal." Mr. Vanderslice also testified that he and the prosecutor had had lengthy negotiations in this matter, and that there simply was no "better deal" with the government to be had. He said he was very clear with the defendant about the sentence. "He [Mr. Erving] knew in no uncertain terms that it [the sentence] wasn't going to get better than forty years."

Thus, the testimony of the two witnesses was diametrically opposed. I must therefore judge the credibility of the witnesses. Having done so, I conclude that Mr. Vanderslice's version of the events is accurate, and Mr. Erving's version is inaccurate. Mr. Erving has every reason to attempt to set aside his sentence and hope for a lesser one, but wishing he had directed his attorney to file an appeal does not make it so. It is clear from the evidence that Mr. Erving was fully and accurately advised of his right to file a direct appeal, and chose not to do so. Whether that was a "good" decision is irrelevant; it cannot be undone. Mr. Erving got the sentence he bargained for, and did not request or direct Mr. Vanderslice to appeal his case in any respect.

IT HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, that the remaining claim in movant's petition under 28 U.S.C. 2255, that he was denied effective assistance of counsel as a result of his lawyer's failure to file an appeal, be denied in all respects.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

DATED this 15th day of June, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge