IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| ROOSEVELT ERVING, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's notice of appeal (filing 77) and on the clerk's memorandum (filing 78) regarding such filing. The clerk indicates that the notice of appeal appears to be untimely, and not filed within the 30-day period for granting an extension of time for excusable neglect or good cause under Federal Rule of Appellate Procedure 4(b). The clerk requests a ruling. *See* United States v. Anna, 843 F.2d 1146, 1147 (8th Cir.1988) (directing district courts to establish proper procedures for handling untimely notices of appeal in criminal cases).

The defendant's notice of appeal is dated March 16, 2009, and was received and filed by the clerk of the court on March 18, 2009. The notice of appeal is filed with reference to a judgment that was entered on July 9, 2007 (filing 70), denying the defendant's motion and amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The time allowed for filing a notice of appeal from such a judgment is 60 days. *See* Fed.R.App.P. 4(a)(1)(B).[1] The defendant missed this deadline by approximately 18 months.

---

[1] Although this is a criminal case, the Federal Rules of Civil Procedure govern 2255 motions. *See* United States v. Harrison, 469 F.3d 1216, 1217 (8th Cir. 2006).

In a cover letter to the notice of appeal the defendant states, "I was in custody in a C.C.A. without proper legal material to help me in my legal matters, and all of mail was sent to U.S.P. Florence, where I was not.  In regards to Florence, the institution has been on an up and down lock-down status, preventing me from effectively using the law library, and I am not educated well enough in these areas to be useful to myself.  So this explains the delay if any."

A motion for extension of time to file a notice of appeal for excusable neglect or good cause must be filed "no later than 30 days after the time prescribed" for filing the notice of appeal expires.  Fed.R.App.P. 4(a)(5)(A)(i).  The defendant's notice of appeal was not filed within this 30-day period.

According to a docket sheet entry made on August 6, 2007 (filing 72), the copy of the judgment that was mailed to the defendant at USP Florence was returned as undeliverable, and the mail was not resent by the clerk because the defendant was listed as "in transit" on the Bureau of Prisons inmate locator site.  It is not known when the defendant actually received a copy of the judgment.

A motion to reopen the time to file an appeal where "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry" must be "filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier[.]"  Fed.R.App.P. 4(a)(6)(A)&(B).  Courts of appeals have uniformly held that Rule 4(a)(6)'s 180-day period for filing a motion to reopen is mandatory and not susceptible to equitable modification.  *Bowles v. Russell*, 551 U.S. 205, 127 S.Ct. 2360, 2362-63 (2007).  The defendant's notice of appeal also was not filed within this 180-day period.

Therefore, in response to the clerk's memorandum (filing 78),

IT IS ORDERED that:

1. The defendant's notice of appeal ([filing 77](filing 77)), treated as a motion for extension of time to file a notice of appeal or to reopen the time to file an appeal, is denied.

2. The clerk of the court shall forward a copy of this memorandum and order to the Clerk of the United States Court of Appeals for the Eighth Circuit, and shall serve a copy on the defendant personally.

March 19, 2009.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge